Lina Ambasa CASEY, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–73712.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 6, 2011.

Mary Waltermire, Schoenleber & Waltermire, P.C., Sacramento, CA, for Petitioner.

Audrey Benison Hemesath, Assistant U.S., USSAC—Office of the U.S. Attorney, Sacramento, CA, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Lina Ambasa Casey, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing her appeal from an immigration judge's deportation order and denying her motion to reopen. Under the REAL ID Act of 2005, we construe Casey's transferred habeas petition as a petition for review, and we have jurisdiction under 8 U.S.C. § 1252. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 928–29 (9th Cir.2005). We review de novo constitutional claims, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we grant the petition for review.

The BIA violated Casey's equal protection rights by denying section 212(c) relief on the basis that she was in deportation proceedings. *See Servin–Espinoza v. Ashcroft,* 309 F.3d 1193, 1196–99 (9th Cir. 2002) (BIA's administrative policy of applying section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 to bar section 212(c) relief against deportable but not excludable aliens during the time period between May 14, 1997, and June 7, 1999, violates equal protection). Accordingly, we remand to give Casey "the same opportunity to apply for § 212(c) relief that excludable aliens were given." *Id.* at 1199. In light of our disposition, we do not reach the issue of whether AEDPA § 440(d) applies retroactively to Casey. The government's mootness argument is unpersuasive.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.